Filed 11/25/20  P. v. Hall CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHARLES HALL,<br><br>    Defendant and Appellant. | B297868<br><br>(Los Angeles County Super. Ct. No. A452611) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael A. Cowell, Judge.  Affirmed.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Charles Hall appeals from a trial court order denying a petition for resentencing under Penal Code section 1170.95.[1]  We will affirm the trial court's order.

## BACKGROUND

A jury convicted Hall and Paris Dixon, Jr., of the August 4, 1981 murder of Adolph Clarke in connection with their robbery and burglary of his home.  (*People v. Hall* (1984) 157 Cal.App.3d 538, 541-542 (*Hall I*).)  We affirmed the judgment.  (*Id.* at p. 547.)

Hall petitioned the trial court for resentencing under section 1170.95.  The Los Angeles County District Attorney's Office filed initial and supplemental oppositions to Hall's petition for resentencing.  At a hearing on March 11, 2019, the trial court denied Hall's petition.  The trial court stated that it was denying the petition because "in the commission of this offense, the defendant, even if not the actual killer, was a major participant in the underl[ying] felony and acted with reckless indifference to human life."  The trial court also stated that it "recall[ed] this case well.  It was back I believe in 1981.  It was the first time I had a trial before me where the People were seeking the death penalty.  [¶]  The defendant, along with Fred Taylor and [Paris] Dixon, co-defendants, attacked [Adolph Clarke] . . . , an 87-year-old apartment manager because they believed he had money.  All he had was a box of coins.  [¶]  He was beaten up.  He was hogtied.  His back was broken, snapped.  And . . . Mr. Hall was a participant in the burglary and in the murder.  [¶]  The petition is denied."

Hall filed a timely notice of appeal.

---

[1] Further statutory references are to the Penal Code.

2

## DISCUSSION

Hall contends that the trial court improperly relied on personal recollections of the trial and the People's opposition papers to reach the conclusions upon which it based its denial of Hall's petition.  According to Hall, that error requires us to reverse the trial court's order and remand for the trial court to determine whether the record of conviction shows ineligibility for relief under section 1170.95.  The People argue that there was no error, rather that the jury was required by the jury instructions to find that Hall aided and abetted in Clarke's murder, which makes Hall ineligible for relief under section 1170.95 as a matter of law.  (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1139-1140, review granted Mar. 18, 2020, S260598.)  The People contend that even if the trial court improperly considered its own recollection of the trial at the initial phase of the section 1170.95 process, the error is harmless because Hall's ineligibility for relief appears on the face of the record of conviction and any error, therefore, is harmless under *People v. Watson* (1956) 46 Cal.2d 818.

Section 1170.95, subdivision (a) provides that "[a] person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted

3

a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.  [¶]  (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

The information against Hall alleged and the jury found true the special circumstance on Hall's murder charge "that the killing occurred while [Hall] was engaged in the commission of a robbery and burglary."  (*Hall I*, *supra*, 157 Cal.App.3d at p. 541.) The trial court instructed the jury that "[t]o find that the special circumstances referred to in these instructions as murder during the commission or attempted commission of a robbery or burglary are true, *each of the following facts must be proved*:  [¶]  1.  That the murder was committed during the commission or attempted commission of a robbery or burglary.  [¶]  2.  That the defendant, whether or not the actual killer, *intentionally aided, abetted or assisted any actor in the commission of murder in the first degree*."  (Italics added.)

The trial court also instructed the jury that "[o]ne who aids and abets is not only guilty of the particular crime that to his knowledge his confederates are contemplating committing, but he is also liable for the natural and reasonable or probable consequences of any act that he knowingly aided or encouraged." Hall contends that because the jury instructions also contained this language regarding "natural and reasonable or probable consequences," that the jury *may* have based its guilty verdict on a natural and probable consequences theory.

We disagree with Hall's contention.  That the jury was instructed generally about the natural and probable consequences doctrine does not alter the fact that the jury was

4

instructed *specifically* that to find true the special circumstance allegation it must conclude that Hall aided, abetted, or assisted "*in the commission of murder in the first degree.*" To reach its verdict, the jury was required to—and did—conclude that Hall directly aided and abetted in Clarke's murder. Based on the jury's conclusions, Hall could still have been convicted of first degree murder after amendments to sections 188 and 189 effective January 1, 2019. (See § 1170.95, subd. (a)(3).) Hall is consequently ineligible for relief under section 1170.95 as a matter of law. (See *People v. Falcon* (2020) ___ Cal.App.5th ___, ___ [2020 WL 6557542].)

Because the record demonstrates that Hall is ineligible for relief as a matter of law, we make no determination whether the trial court erred by considering its own recollection of Hall's trial. It is not "reasonably probable that a result more favorable to [Hall] would have been reached" had the alleged error not occurred. (*People v. Watson, supra*, 46 Cal.2d at p. 836.) If the trial court erred, its error was harmless.

## DISPOSITION

The trial court's order denying Hall's petition for resentencing is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

FEDERMAN, J.*

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.